19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Johnny JONES; Huey Davis, III; Blythe Norman Williamson, Plaintiffs,
v.
Terrell Don HUTTO, Individually and as State Correction
Commissioner; A. L. Lockhart, Individually and as
Superintendent of the Arkansas Department of Correction -
Cummins Unit; Jerry Campbell, Individually and as Assistant
Superintendent of the Department of Correction - Cummins
Unit; Marshall M. Rush, Individually and as a member of the
Arkansas Department of Correction; W. L. Curry,
Individually and as a member of the Board of Correction of
the Arkansas Department of Correction; Lynn Wade,
Individually and as a member of the Board of Correction of
the Arkansas Department of Correction; Thomas Worthen,
Individually and as a member of the Board of Correction of
the Arkansas Department of Correction; Richard Griffin,
Individually and as a member of the Board of Correction of
the Arkansas Department of Correction; Defendants-Appellees,
Joe H. Nolen, Movant-Appellant.
 No. 93-2888EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 15, 1994.
Filed: March 21, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joe H. Nolen claims Arkansas Department of Correction (ADC) officials violated a consent decree remedying racial employment discrimination when they conspired to deny him a promotion and retaliated against him for asserting his rights under the decree. The district court denied Nolen's motion for contempt of the decree and Nolen appeals. We review the district court's denial of Nolen's motion for abuse of discretion. See Hazen v. Reagen, No. 93-1294, 1994 WL 43555, at * 3 (8th Cir. Feb. 16, 1994).
 
 
 2
 Having carefully reviewed the record, we conclude the district court did not commit error. Even assuming the promotion of a white male instead of Nolen violated the consent decree, ADC officials complied with the decree when they voluntarily promoted Nolen with back pay months before he filed his motion. Turning to Nolen's retaliation claim, Nolen failed to present clear and convincing evidence that ADC officials' retaliatory motives caused his job frustrations. See id.
 
 
 3
 at * 4 (burden of proof for consent decree violation).
 
 
 4
 Accordingly, we affirm.